UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| CLAY ROBINSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 5:16-cv-00243-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner Of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

Clay Robinson seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied his claim for supplemental security income and disability insurance benefits. Mr. Robinson brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Robinson's Motion for Summary Judgment and **GRANT** the Commissioner's.

I

A

Plaintiff Clay Robinson filed an application for Title II disability insurance benefits and Title XVI supplemental security income on April 16, 2013, alleging disability beginning on December 27, 2012, in both claims. [Transcript (hereinafter, "Tr.") 28.] On June 17, 2015, Administrative Law Judge Jonathan Stanley denied Mr. Robinson disability benefits. Tr. 25–45. Mr. Robinson appealed this decision, and on May 2, 2016, the Appeal's Council denied his request for review. *Id.* at 1–6.

To evaluate a claim of disability for both Title II disability insurance benefit claims and Title XVI supplemental security income claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At the outset of this case, the ALJ determined that Mr. Robinson met the insured status requirements of the Social Security Act through December 31, 2016. Tr. 28, 30; *see also* 20 C.F.R. § 404.131. Then at step one, ALJ Isaacs found Mr. Robinson had not engaged in substantial gainful activity since the alleged disability onset date, December 27, 2012. Tr. 30. At step two, the ALJ found Mr. Robinson to suffer from the following severe impairments: right sided cerebral palsy since childhood with right arm and hand contraction; degenerative disc disease of the cervical spine, status post discectomy and fusion; and degenerative disc disease of the left shoulder with pain. *Id.* At step three, the ALJ determined his combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 or Part 416. *Id.* at 31. Before moving on to step four, the ALJ considered the record and determined that Mr. Robinson possessed the following residual functioning capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ropes, ladders, and scaffolds; cannot crawl; can occasionally reach overhead using the dominant left upper extremity; cannot reach overhead using the non-dominant right upper extremity, but can frequently reach in all other directions; cannot handle and finger using the non-dominant right hand, but has no limitation with regard to use of the dominant left hand; must avoid concentrated exposure to vibration; cannot work at unprotected heights or around hazards such as dangerous machinery with moving mechanical parts.

*Id.* at 32. After explaining his RFC, the ALJ found at step four that, based on this RFC, his age,

education, and work experience, there are several jobs in the national economy that Mr. Goins could perform. *Id.* at 38–40. Specifically, the ALJ found:

> The claimant is capable of performing past relevant work as a sales representative, safety apparel and equipment; manager, professional equipment sales and service. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

*Id.* at 38. Accordingly, the ALJ found at step five that Mr. Robinson was not disabled from December 27, 2012, through the date of the decision, pursuant to 20 C.F.R. §§ 404.1520(f) and 416.920(f). *Id.* at 40.

Following the unfavorable decision, Mr. Robinson timely appealed to the Appeals Council. However, the Appeals Council denied review on May 2, 2016, and Mr. Robinson now seeks judicial review in this Court. [R. 7 at 3.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535

(6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence supports the opposite conclusion.  *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Mr. Robinson objects generally to the ALJ's decision, claiming, "the record lacks sufficient evidence."  [R. 7 at 3.]  However, Mr. Robinson does not identify the specific findings of the ALJ that he wishes to challenge.  Upon review of the record, the Court finds that Mr. Robinson challenges the ALJ's findings at Steps Three and Four for a lack of substantial evidence.  [R. 7.]  For the reasons set forth below, Mr. Robinson's arguments do not warrant a reversal of the ALJ's determination.

## A

First, Mr. Robinson argues that the ALJ erred when finding he failed to satisfy the criteria of any of the listed impairments.  [R. 7 at 5.]  At Step Three of the sequential evaluation process, the claimant has the burden of showing that his impairments are equal or equivalent to a listed impairment.  *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)).  Because "the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary," the evidentiary standards for determining disability by meeting the listed impairments are stricter than the

standards employed at later steps in the sequential evaluation process. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990); *see* 20 C.F.R. §§ 404.1526, 416.926. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*. at 530 (emphasis in original); *see also Malone*, 507 F. App'x at 472 (quoting *Zebley*, 493 U.S. at 530).

However, Mr. Robinson fails to identify which listing he believes he meets. The ALJ considered listing 11.07 because of Mr. Robinson's cerebral palsy. Tr. 31. To qualify under listing 11.07, Mr. Robinson must show he met one of four criteria: (A) an IQ of 70 or less; (B) abnormal behavior patterns; (C) significant interference in communication due to speech, hearing, or visual defect; or (D) disorganization of motor function in two extremities. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.07. The ALJ considered these four criteria and found Mr. Robinson had presented no evidence to meet sections A, B, or C. Tr. 31. As to criteria D, the ALJ considered Mr. Robinson's cerebral palsy, but determined it "does not cause significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." *Id.* Mr. Robinson argues that the ALJ considered the loss of use of his right upper extremity, but ignored the loss of use of his right lower extremity. [R. 7 at 5.]

Mr. Robinson relies on the exam of Dr. Tracey Wolford to establish his physical limitations. *Id.* "Persistent disorganization of motor function" as referenced in listing 11.07 presents in the form of paresis, paralysis, tremors or other involuntary movements, ataxia, and sensory disturbances. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.00C. Mr. Robinson presents no evidence that any of these criteria apply to his right leg. He points to the examination of Dr. Wolford to prove severe loss of use of his right leg, but Dr. Wolford noted that his gait and

6

station were normal, finding Mr. Robinson was "able to rise from a sitting position without assistance, stand on tiptoes, heels and tandem walk without problems. Claimant was able to bend and squat without difficulty." Tr. 429. Thus, after reviewing the record, the Court finds that the ALJ's decision finding that Mr. Robinson does not meet Listing 11.07 is supported by substantial evidence. Mr. Robinson did not meet his burden of demonstrating all specified medical criteria. *See Zebley*, 493 U.S. at 530; *Hayes*, 357 Fed. App'x at 675. "An impairment that manifests only some of the criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530.

**B**

Next, Mr. Robinson claims the ALJ erred at Step Four when determining his RFC and finding him capable of performing past relevant work. [R. 7 at 8.] He provides no evidence for this, simply stating that the decision was contrary to the testimony of the testimony of the vocational expert. *Id.* But this Court cannot conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).

The testimony of the vocational expert indicated that Mr. Robinson could return to work as a sales representative or manager. Tr. 82–85, 87–88. He could also work as a telephone solicitor, cashier, retail sales representative, information clerk, office helper, ticket taker, and attendant. Tr. 88–90. These jobs accounted for limitations in his right arm and hand. Tr. 89. Mr. Robinson points to no contrary evidence, instead seemingly requesting this Court to reweigh the testimony of the vocational expert. To determine whether Mr. Robinson had the capacity to perform gainful activity, the ALJ may rely on the testimony of a vocational expert. *Wilson v.*

7

*Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004).

Ultimately, Mr. Robinson insists that the ALJ's decision overall lacks substantial evidence. [R. 7 at 3–8.] However, he fails to identify evidence in the record that would support his claim. Mr. Robinson bears the burden of proof to show the ALJ's decision lacks substantial evidence *and* he must identify substantial evidence in support of his claim. *See* 20 C.F.R. § 404.1512(a); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Smith v. Chater*, 99 F. 3d 780, 782 (6th Cir. 1996).

Mr. Robinson does neither. Instead, he criticizes the weight given to certain records by the ALJ. As an initial matter, the Court recognizes that "neither this Court nor the ALJ 'may [ ] focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Young v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 644, 649 (E.D. Mich. 2004) (quoting *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978)). In other words, an ALJ "may not pick and choose the portions of a single report, relying on some and ignoring others, without offering some rationale" for the decision. *Id*. However, as has already been explained, this Court is limited to deciding whether the Commissioner's decision, "is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). "If the Commissioner's decision is based upon substantial evidence, we must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id*. "The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155 at *5 (E.D. Tenn. Mar. 30, 2009); see also *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). Thus, even if Mr. Robinson is correct that substantial

evidence also supports his conclusion, that would not justify granting his motion for summary judgment so long as substantial evidence of the record also supports the conclusion of the ALJ.

However, Mr. Robinson does not suggest the ALJ discredited the records of professionals who examined him, but rather that the ALJ "went to great length to discredit the claimant." [R. 7 at 7.] The ALJ acknowledged Mr. Robinson's limitations, but found them not severe enough to warrant disability benefits. Tr. 32–40. Here, Mr. Robinson requests this Court to reweigh this evidence and find the limitations severe. We cannot do so. Mr. Robinson's bare assertions that he qualifies for disability do not overturn the substantial evidence used in the ALJ's decision.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Clay Robinson's Motion for Summary Judgment [R. 7] is **DENIED**, but the Commissioner's Motion for Summary Judgment [R. 10] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 26th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge